SCUDDER–GALE GROCERY COMPANY, Appellant, v. JAMES HAYS et al., Respondents.

St. Louis Court of Appeals, February 23, 1897.

**Evidence, Conflict of.** When there is a substantial conflict of evidence, the appellate court will not interfere.

*Appeal from the Washington Circuit Court.*—HON. JAMES F. GREEN, Judge.

AFFIRMED.

*Anthony* and *Eversole* for appellant.

Before the evidence is left to the jury, there is, or may be, in every case, a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find for the party producing it, upon whom the burden of proof is imposed. *Commissioners v. Clark*, 94 U. S. 278; *Hathaway v. R. R.*, 29 Fed. Rep. 489; *Park v. Ross*, 11 How. 362.

This court has a right to determine from the record in the case, as it stands, that the verdict is the result of something other than the deliberate judgment of the jury, although the trial court may have thought otherwise. *Spohn v. R'y*, 87 Mo. 74; *Baker v. Stonebraker's Adm'rs*, 36 *Id.* 345.

There is no conflict of evidence in this case, as contemplated by the decisions, and this court can review the verdict of the jury on the ground that it is opposed to the weight of the evidence. *Rich v. Fender*, 55 Mo. App. 236; *Rainwater v. Bun, Id.* 468.

*Louis F. Dinning* for respondent.

The case was presented to the jury fairly, under proper instructions, and the verdict is supported by the weight of the evidence, and approved by the court, and this court will not review the facts. *Swayze v. Bride*, 34 Mo. App. 414; *Gaines v. Finder*, 82 Mo. 509; *Hamilton v. Boggiss*, 63 *Id.* 233; *Smith v. Zimmerman*, 51 *Id.* 519; *Coudy v. R'y*, 85 *Id.* 79; *Reed v. Ins. Co.*, 58 *Id.* 421; *Hull v. R'y*, 60 Mo. App. 593; *Wright v. R. R.*, 20 *Id.* 481; *Rich v. Findler*, 55 *Id.* 236.

BOND, J.—This action was begun before a justice for an alleged balance on account of $160.35. From a

judgment in plaintiff's favor, defendant appealed to the circuit court. Upon a trial there a verdict was rendered in favor of defendant. Plaintiff appealed to this court.

The only complaint is that the court should have directed a verdict for plaintiff. This can not be sustained. The point of dispute on the trial was as to a credit of $200, which defendant claimed by virtue of a written receipt for that amount executed by plaintiff on the twenty-ninth of June, 1893. Plaintiff insisted that this receipt was intended to cover a payment of the same amount therein mentioned, made on the day previous. Defendant showed a separate receipt for the former payment. While there is much in the evidence to indicate that the latter receipt was a mere duplicate, yet it of itself afforded some evidence to the contrary, and one of the defendants also testified that he sent the amount of the second receipt to plaintiff through the mail. It was conceded that the sum evidenced by the first receipt was paid on June 28, 1893, in cash, at the cashier's window of plaintiff's store in St. Louis. It is obvious that the case presents a mere question of the weight of the evidence. With this appellate courts have no concern. They are not permitted to usurp the province of a jury in passing upon the evidence, where it presents a substantial conflict. No other errors being preserved for review, the judgment is affirmed.

All concur.